IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00253-NYW-KAS

LUMEN TECHNOLOGIES SERVICE GROUP, LLC f/k/a CENTURYTEL SERVICE GROUP, LLC,

  Plaintiff,

v.

CEC GROUP, LLC f/k/a COMMUNICATIONS ENGINEERING CONSULTANT, LLC,

  Defendant.

---

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Lumen Technologies Service Group, LLC's Motion for Partial Summary Judgment ("Plaintiff's Motion for Summary Judgment"), [Doc. 70], and Defendant's Motion for Summary Judgment, [Doc. 71]. The Court has reviewed the Motions and the related briefing, the applicable case law, and the record before the Court. For the following reasons, Plaintiff's Motion for Summary Judgment is respectfully **GRANTED in part** and **DENIED in part** and Defendant's Motion for Summary Judgment is respectfully **DENIED**.

## BACKGROUND

The below material facts are drawn from the summary judgment record and are undisputed unless otherwise noted.[1] In 2016, Plaintiff Lumen Technologies Service

---

[1] Many of the assertions of fact in the Parties' briefs are unsupported by citations to record evidence, in violation of Rule 56(c) of the Federal Rules of Civil Procedure and NYW Civil Practice Standard 7.1D(b)(2). *See, e.g.*, [Doc. 70 at ¶¶ 12–17; Doc. 72 at 5 ¶ 10; Doc.

Group, LLC ("Lumen" or "Plaintiff") and Defendant CEC Group, LLC ("CEC" or "Defendant") entered into a Master Services Agreement (the "MSA" or the "Agreement") governing Defendant's provision of telecommunications infrastructure engineering services to Plaintiff. [Doc. 70 at 1; Doc. 72 at 3 ¶ 1]; *see generally* [Doc. 70-1]. The MSA provides, in relevant part:

> Unless otherwise approved by [Plaintiff] in writing, [Defendant] will not subcontract any portion of Services and will perform the Services using [Defendant's] Employees. Notwithstanding [Plaintiff's] approval of a subcontractor, [Defendant] will remain fully liable for the work performed and for the acts or omissions of any subcontractor.
>
> . . .
>
> [Defendant] will be responsible to [Plaintiff] for acts and omissions of [Defendant's] employees, subcontractors, their agents and employees and any other persons performing portions of the Services on behalf of [Defendant].

[Doc. 70 at ¶¶ 2, 4; Doc. 72 at 4 ¶¶ 2, 4; Doc. 70-1 at 9 § 7.5; *id.* at 38 § 12.5]. The Agreement also states that "this Agreement and the rights and obligations of the parties are governed by the laws of the State of Delaware without regard to any conflict of laws principles." [Doc. 71 at ¶ 14; Doc. 73 at ¶ 14; Doc. 70-1 at 17 § 14.8 (emphasis omitted)].

On November 6, 2018, Plaintiff asked Defendant if it could perform a "quick structural analysis" of a building to determine "how much [the building's two floors] can hold." [Doc. 70 at ¶ 6; Doc. 72 at 4–5 ¶ 6;[2] Doc. 72-1 at 7]. Defendant retained Paul J. Ford & Company ("PJF") as a subcontractor to provide that structural analysis. [Doc. 70

---

73 at ¶¶ 15, 17–18]. The Court limits its discussion at this stage to the properly considered facts that are material to resolving the Motions.

[2] Defendant attempts to dispute this fact by stating that Plaintiff "misstates the exact nature of the communication." [Doc. 72 at 4–5 ¶ 6]. The Court disagrees that Plaintiff's summary of the communication misstates it, but in any event draws the language from the communication itself.

2

at ¶ 7; Doc. 72 at 5 ¶ 7; Doc. 8 at ¶ 19; Doc. 13 at 2 ¶ 19].  PJF sent Defendant a letter stating that the building's second floor could support a load of 250 pounds per square foot.  [Doc. 70 at ¶ 8; Doc. 72 at 5 ¶ 8; Doc. 73-2 at 3].[3]  In reliance on PJF's opinions, Lumen committed to purchasing the building.  [Doc. 70 at ¶ 11; Doc. 70-3 at 32:1–8].[4]

Plaintiff alleges that, on or about February 28, 2020, a portion of the building's second-floor slab "partially collapsed."  [Doc. 71 at ¶ 9; Doc. 73 at ¶ 9; Doc. 8 at ¶ 26].  On April 3, 2020, Plaintiff sent Defendant a letter claiming that Defendant had breached the MSA by failing to properly indicate the structural capacity of the building's second floor.  [Doc. 71 at ¶ 12; Doc. 73 at ¶ 12; Doc. 71-1 at ¶ 7].

Plaintiff initiated this lawsuit on January 27, 2023, [Doc. 1], and filed its Amended Complaint on February 14, 2023, [Doc. 8].  Lumen asserts claims against CEC for breach of contract, breach of warranty, and breach of express indemnity.  [*Id.* at ¶¶ 30–47].

## LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact

---

[3] Defendant admits this fact with the "caveat[]" that Plaintiff "slightly misstates the language of the letter and omits other important contents" and that "the cited portions of Mr. Geraghty's deposition do not provide proof or evidence of this fact."  [Doc. 72 at 5 ¶ 8].  Defendant does not explain where the misstatement is or provide a copy of the letter, so Defendant's unsupported assertion that the contents of the letter are "misstated" is insufficient to create any material dispute of fact.  *See* Fed. R. Civ. P. 56(c)(1), (e)(2).

[4] Plaintiff's Motion for Summary Judgment contains two paragraphs numbered "11," *see* [Doc. 70 at 5], but Defendant's paragraph 11 is clearly directed to Plaintiff's second paragraph with this number, *see* [Doc. 72 at 5 ¶ 11].  To the extent Defendant's paragraph 10 could be construed as directed to Plaintiff's paragraph 11, Defendant's denial—that "[t]he evidence demonstrates that Lumen continued to look for other properties after receiving" Paul J. Ford's letter, [*id.* at 5 ¶ 10]—is not supported by a citation to record evidence and does not create a genuine dispute of fact.  Accordingly, the Court deems this fact undisputed for purposes of the Motions.  *See* Fed. R. Civ. P. 56(e)(2).

and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (citation and quotations omitted).

"Cross-motions for summary judgment are treated as two individual motions for summary judgment and held to the same standard." *Banner Bank v. First Am. Title Ins. Co.*, 916 F.3d 1323, 1326 (10th Cir. 2019); *see also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another."). However, the summary-judgment burden slightly differs depending on which party bears the ultimate burden at trial. A movant that does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant must only point the Court to a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986)). Once this movant has met its initial burden, the burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted). But "if the moving party has the burden of proof [at trial], a more stringent summary judgment standard applies." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). A moving party who bears the burden at trial "must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case." *Id.*

4

When considering the evidence in the record, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). At all times, the Court views each motion in the light most favorable to the nonmoving party. *Banner Bank*, 916 F.3d at 1326.

## ANALYSIS

**I.   Defendant's Motion for Summary Judgment**

Defendant seeks summary judgment in its favor on the basis that a two-year statute of limitations under Florida law bars all of Plaintiff's claims. [Doc. 71 at 2, 11]; *see also* Fla. Stat. § 95.11(4)(b) (2023) (imposing a two-year limitations period for "[a]n action for professional malpractice, other than medical malpractice, whether founded on contract or tort"). In reaching this conclusion, Defendant contends that the Agreement's Delaware choice-of-law provision is unenforceable and that Florida law applies here because Florida has the most significant relationship to the Parties' dispute. [Doc. 71 at 6–9]. Lumen disagrees with CEC's assessment. It contends that (1) the choice-of-law provision is enforceable, [Doc. 73 at 8–15]; and (2) even if Florida law applies, this case is governed by a different four-year statute of limitations under Florida law, [*id.* at 17–19]; *see also* Fla. Stat. § 95.11(3)(c) (2023) (imposing a four-year limitations period for "[a]n action founded on the design, planning, or construction of an improvement to real property").[5] Because Defendant's argument could dispose of the case, the Court addresses this Motion first.

---

[5] These statutes of limitations are now located at Fla. Stat. § 95.11(5)(b) (2024) and Fla. Stat. § 95.11(3)(b) (2024).

The Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. For this reason, the Court applies the conflict-of-law rules of Colorado, the forum state. *Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1310 (10th Cir. 2014). "A federal court hearing a diversity action applies the statute of limitations which would be applied by a court of the forum state, . . . even when the action is brought under the law of a different state." *Dow Chem. Corp. v. Weevil-Cide Co.*, 897 F.2d 481, 483–84 (10th Cir. 1990).

**Colorado Choice-of-Law Principles—Statutes of Limitations.** "Regarding conflicts of law concerning statutes of limitation, at one time limitation periods were considered procedural law and, therefore, Colorado courts generally applied Colorado's statutes of limitation to all claims." *Mountain States Adjustment v. Cooke*, 412 P.3d 819, 823 (Colo. App. 2016). However, Colorado's enactment of the Uniform Conflict of Laws–Limitations Act ("UCL–LA") means that Colorado courts "effectively treat[] limitation periods as substantive law." *Id.* Therefore, if a choice-of-law provision is enforceable, Colorado courts will apply the statute of limitations of the law of the state selected by the parties, unless there is some policy reason to set aside the parties' choice. *See, e.g., id.* at 824–26.

Two Colorado statutes provide rules relevant to a federal court's choice-of-law analysis. First, the UCL–LA provides that "[e]xcept as provided in section 13-82-106,"[6] if a claim "is substantively based . . . [u]pon the law of one other statute, the limitation period

---

[6] This statute provides that "[i]f the court determines that the limitation period of another state applicable under sections 13-82-104 and 13-82-105 is substantially different from the limitation period of this state and has not afforded a fair opportunity to sue upon or imposes an unfair burden in defending against the claim, the limitation period of this state applies." Colo. Rev. Stat. § 13-82-106.

6

of that state applies." Colo. Rev. Stat. § 13-82-104(1)(a).[7]  In other words, "Colorado law provides that when a claim is based on another state's substantive law, that state's period of limitations is controlling." *Lehman Bros. Holdings v. Universal Am. Mortg. Co., LLC*, 660 F. App'x 554, 558 (10th Cir. 2016).  Second, Colorado's borrowing statute provides that if a claim "arises in another state . . . and, by the laws thereof, an action thereon cannot be maintained in that state, . . . the cause of action shall not be maintained in this state."  Colo. Rev. Stat. § 13-80-110.  Colorado courts recognize that these two statutes may, at times, conflict.  "When choosing between statutes that govern limitation periods, [Colorado] courts employ three rules:  (1) the more specific statute applies; (2) a later enacted statute controls over an earlier enacted statute; and (3) courts should select the statute that provides the longer limitation period."  *Jenkins v. Haymore*, 208 P.3d 265, 268 (Colo. App. 2007), *aff'd on other grounds sub nom. Jenkins v. Panama Canal Ry. Co.*, 208 P.3d 238 (Colo. 2009).

***Colorado Choice-of-Law Principles—The Restatement.***  To determine which state's substantive law applies, "Colorado has adopted the Restatement (Second) of Conflict of Laws (1971) for resolving choice of law issues arising in contract actions." *Poole v. State Farm Fire & Cas. Co.*, 941 F. Supp. 964, 966 (D. Colo. 1996); *see also Wood Bros. Homes v. Walker Adjustment Bureau*, P.2d 1369, 1372 (Colo. 1979).  Section 6 of the Restatement provides that, in the absence of a statute setting forth the governing

---

[7] The Colorado Supreme Court has ruled that § 13-82-104(2) has been repealed by implication.  *See Jenkins v. Panama Canal Ry. Co.*, 208 P.3d 238, 243–44 (Colo. 2009). "Other courts, including the Colorado Court of Appeals and the Tenth Circuit Court of Appeals, have since continued to apply Colo. Rev. Stat. § 13-82-104(1)."  *Ehekircher v. USA Swimming, Inc.*, No. 22-cv-03322-RM-KAS, 2024 WL 4201891, at *11 n.6 (D. Colo. Aug. 27, 2024), *report and recommendation adopted*, 2024 WL 4591329 (D. Colo. Sept. 27, 2024).

7

law, courts should consider the following principles when determining which state's substantive law is applicable in a given case: (1) the needs of the interstate and international systems; (2) the relevant policies of the forum; (3) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability, and uniformity of result; and (7) ease in the determination and application of the law to be applied. *See* Restatement (Second) of Conflict of Laws § 6(2) (Am. L. Inst. 1971).

The "choice of law in a given case is not made once for all issues; each issue is to receive separate consideration if it is one that would be resolved differently under the local law rule of two or more of the potentially interested states." *Flaherty v. Banner Life Ins. Co.*, No. 20-cv-00581-REB-GPG, 2022 WL 1198909, at *1 (D. Colo. Feb. 7, 2022) (quotation omitted). For contract claims, a court must first determine whether an enforceable contractual choice-of-law provision dictates the applicable law. The Restatement provides:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
>> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>>
>> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest

>than the chosen state in the determination of the particular issue and
>which, under the rule of § 188, would be the state of the applicable law
>in the absence of an effective choice of law by the parties.

Restatement § 187. "The first question under Section 187(1) is whether the 'particular issue' in dispute . . . is 'one which the parties could have resolved by an explicit provision in their agreement directed to that issue.'" *Wainwright v. Melaleuca, Inc.*, No. 2:19-cv-02330-JAM-DB, 2020 WL 417546, at *2 (E.D. Cal. Jan. 27, 2020) (quoting Restatement § 187(1)), *aff'd*, 844 F. App'x 958 (9th Cir. 2021). "If the answer is yes, section 187(1) applies and the choice-of-law clause is enforceable with respect to that particular issue. . . . If not, the Court proceeds to section 187(2)." *Id.* (citing Restatement § 187 cmts. c & d). Under § 187(2), the parties' choice of law will govern unless there is no reasonable basis for the parties' choice or the chosen's state's laws would be contrary to the fundamental policy of a state whose law would otherwise govern. *Target Corp. v. Prestige Maint. USA, Ltd.*, 351 P.3d 493, 497 (Colo. App. 2013). "When the state of the chosen law has some substantial relationship to the parties or the contract, the parties will be held to have had a reasonable basis for their choice." Restatement § 187 cmt. f.

If there is no enforceable choice-of-law provision, then the governing law is determined using the Restatement's "most significant relationship test." *Id.* at § 188. Courts consider the following factors "to be taken into account in applying the principles of § 6 to determine" the state with the most significant relationship to the contract dispute:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

9

    (e)    the domicile, residence, nationality, place of incorporation and place of business of the parties.

*Id.* § 188(2).

**The Parties' Arguments.** In its Motion for Summary Judgment, Defendant jumps straight to the Restatement's most-significant relationship test. It argues that the MSA's choice-of-law provision is invalid and should not be enforced here because there is no reasonable basis for the Parties' choice of Delaware governing law, as contemplated by the Restatement's § 187(2). [Doc. 71 at 7–8]. It then contends that Florida has the most significant relationship to the Parties' dispute, so Florida law governs. [*Id.* at 9].

In response, Plaintiff argues that Defendant has skipped the necessary analysis under § 187(1) of the Restatement in favor of going directly to § 187(2). [Doc. 73 at 10–11]. Plaintiff contends that the Parties could have agreed to an alternative limitations period in the MSA, and for this reason, the Delaware choice-of-law provision should be enforced under § 187(1). [*Id.* at 11]. Defendant does not respond to this argument in its reply brief or argue that § 187(1) is inapplicable to this case. *See generally* [Doc. 74].

The Court concludes that it cannot definitively rule on which state's statute of limitations applies to Plaintiff's claims on the current briefing. First, neither Party meaningfully discusses the harmony and application of Colo. Rev. Stat. §§ 13-82-104(1)(a) or 13-80-110 to this case.[8] To determine which state's statute of limitations applies, the Court must determine which state's substantive law governs Plaintiff's claims

---

[8] Defendant does argue at the end of its Motion for Summary Judgment that Colorado's borrowing statute mandates that Florida's two-year statute of limitations should apply here. [Doc. 71 at 13–14]. Plaintiff responds by arguing that the borrowing statute does not apply because Defendant has not shown that the causes of action "arose" in Florida. [Doc. 73 at 16]. But neither Party addresses Colo. Rev. Stat. § 13-82-104(1)(a) or how that statute interacts with Colorado's borrowing statute.

10

and whether, under Colorado's choice-of-law provisions and applicable statutes, that state's statute of limitations would also control Plaintiff's claims. *Lehman Bros. Holdings*, 660 F. App'x at 558. This may require an analysis about whether § 13-82-104(1)(a) or § 13-80-110 applies to this case, if those statutes conflict.

But the Court cannot decide the threshold issue of which state's substantive law governs Plaintiff's claims on the current briefing, either. Insofar as Defendant argues that the Delaware choice-of-law provision is invalid because there is no reasonable basis for the Parties' choice, the Court agrees with Plaintiff that a determination under Restatement § 187(1) is necessary before progressing to § 187(2). Section 187(2) applies only when a party seeks "to have the chosen law determine issues which the parties could not have determined by explicit agreement directed to the particular issue," such as issues of capacity or validity. Restatement § 187 cmt. d. In other words, "[s]ection 187(2) applies only when section 187(1) does not govern." *DCS Sanitation Mgmt., Inc. v. Castillo*, 435 F.3d 892, 896 (8th Cir. 2006). "[I]f the underlying issue is one the parties could have explicitly contracted to, then the considerations of 2(a) and (b) are irrelevant." *United States ex rel. Mountain Constr., Inc. v. CHP Sols., LLC*, No. 2:23-cv-00106-MIS-GBW, 2024 WL 4437043, at *5 (D.N.M. Oct. 7, 2024); *see also In re Peak Prop. Grp., LLC*, No. 20-16088-KHT, 2021 WL 6551794, at *10 (Bankr. D. Colo. Dec. 22, 2021) ("There is no need to examine the parties' agreements under Section 187(2) of the Restatement . . .; here, Section 187(1) of the Restatement is satisfied, and the Court need not look further.").

Application of a statute of limitations is an affirmative defense, and a defendant seeking summary judgment based on an affirmative defense bears the burden to

11

demonstrate that the affirmative defense applies and that there is no genuine issue of fact with respect to the defense.  Fed. R. Civ. P. 8(c)(1); *Estrada v. Smart*, 107 F.4th 1254, 1261 (10th Cir. 2024).  It is only then that the burden shifts to the plaintiff to demonstrate a dispute of material fact with respect to that defense.  *Estrada*, 107 F.4th at 1261.  Here, Defendant has not met its initial burden because it does not address the threshold Restatement § 187(1) issue before raising arguments under § 187(2).  But on the other hand, Plaintiff's argument about the applicability of § 187(1) is incomplete and is insufficient to permit the Court to conclude, as a matter of law, that the choice-of-law provision is enforceable.  Plaintiff contends that because the Parties were incorporated in Ohio and Louisiana at the time the Agreement was executed, "one of these states' laws would answer the question posed by Section 187(1)."  [Doc. 73 at 12].  And because—according to Plaintiff—both Ohio and Louisiana permit parties to contract around applicable statutes of limitation, the Parties' choice-of-law provision is enforceable under § 187(1) and no analysis under § 187(2) is necessary.  [*Id.*].  However, "[w]hether the parties could have determined a particular issue by explicit agreement directed to that issue is a question to be determined by the local law of the state selected by application of the rule of § 188"—i.e., the most significant relationship test.  *See* Restatement § 187 cmt. c.  Plaintiff's reliance on the Parties' states of incorporations is just one factor relevant to the Court's determination, *see* Restatement § 188(2), and Plaintiff does not raise any argument under the most-significant-relationship test anywhere in its brief, *see generally* [Doc. 73].

In sum, with the current briefing, the Court is without sufficient argument to decide which state's substantive law applies to Plaintiff's claims or decide how Colorado courts

12

would apply their choice-of-law rules to determine whether that state's statute of limitations would also apply to Plaintiff's claims. For the same reason, it cannot move on to the Parties' successive arguments, such as, for example, whether there is a reasonable basis for the Parties' choice of Delaware law under § 187(2), or which state has the most significant relationship to the claims in this case.

For these reasons, Defendant's Motion for Summary Judgment is **DENIED**. However, the Court is mindful that Defendant's failure to carry its burden at summary judgment does not outright preclude success on its affirmative defense. While the Court agrees generally with Plaintiff that the failure to raise an argument deems the argument waived, *see White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017), the applicability of a statute of limitations in this particular context is a legal question that the Court must answer before convening this case for trial. Accordingly, the Court will sua sponte permit Defendant to file a second motion for summary judgment, **addressing only the issues identified by the Court below.** The Court will not permit any other arguments and will not permit Defendant to submit any evidence not previously submitted with the current summary judgment briefing. Plaintiff's response thereto shall be similarly limited to the identified issues, and Plaintiff similarly cannot submit any additional evidence with its response. As for any other remaining substantive issues, the Court will limit its analysis to the arguments already raised in Defendant's Motion for Summary Judgment and the related briefing. To the extent any Party finds it necessary to go beyond the below issues to adequately and fully brief the issues, it may file a motion (after conferring in good faith with the other Party) to include additional issues in their briefing.

The Parties' supplemental summary judgment briefing shall address:

13

- **Do Colo. Rev. Stat. § 13-82-104(1)(a) and/or Colo. Rev. Stat. § 13-80-110 apply to this case?  If they do, do the statutes conflict?  If the statutes conflict, which one controls?**

- **Is the underlying issue—the application of the statute of limitations—an issue which the Parties could have included in the MSA, as contemplated by Restatement § 187(1)?  Which state's laws govern this inquiry pursuant to Restatement § 187 cmt. c. and Restatement § 188?**

The Court understands that these issues, and the other issues already briefed by the Parties, are intertwined and interdependent.  The Parties may address these issues in whatever order they see fit.  Defendant's forthcoming motion and plaintiff's forthcoming response shall not exceed 20 pages.  The reply shall not exceed 10 pages.

## II.    Plaintiff's Motion for Summary Judgment

In its Motion, Plaintiff seeks partial summary judgment "as to CEC's liability for the acts and omissions of" its subcontractor, PJF.  [Doc. 70 at 2].  Plaintiff asks the Court to decide, as a matter of law, "that CEC is liable to Lumen under the MSA to the extent Lumen was damaged by the acts or omissions of PJF."  [*Id.* at 8].

Defendant responds that it "presumes Plaintiff's goal is to utilize the indemnification provision in the parties' [MSA] as a means of bypassing the 'American Rule' that each party is responsible for its own attorneys' fees, such that it can recover attorneys' fees from CEC merely by alleging that CEC and/or PJF caused Plaintiff damages."  [Doc. 72 at 2].  Defendant "does not dispute that it is liable for the negligence of PJF" but "does dispute that the indemnification provisions apply in this case."  [*Id.* at 2 n.2].  Defendant argues that Plaintiff's Motion for Summary Judgment should be denied because under either Delaware or Florida law, "indemnification provisions are presumed to apply only where the indemnified party has been forced to litigate a dispute with a third-party, due to the fault of the indemnitor," but do not apply to "first-party" claims.  [*Id.* at 2].  In its reply

14

brief, Plaintiff counters that "the only issue" it raised in its Motion for Summary Judgment is whether "CEC is liable for the acts and omissions of its subcontractor" [Doc. 75 at 1], and because Defendant expressly admits the singular issue raised in Plaintiff's Motion, the Motion should be granted, [*id.* at 2–3].

Based on Plaintiff's Motion and the representations in Plaintiff's Reply, the Court construes Plaintiff's request for relief as limited to a request for a Court order that "CEC is liable to Lumen under the MSA to the extent Lumen was damaged by the acts or omissions of PJF." [Doc. 70 at 8]; *see also* [Doc. 75 at 3 (Plaintiff clarifying in its reply that it is "merely asking for a pretrial adjudication that, if it is determined at trial that PJF caused damage to Lumen by its acts or omissions, CEC will be liable for that damage."); *id.* at 2–3 ("CEC expressly admits 'it is liable for the work of its subcontractors, including PJF.'  This is the *only* issue Lumen presented to the Court for determination as a matter of law." (citation omitted)].  Defendant agrees that it is liable for damages caused by the negligence of its subcontractors, *see* [Doc. 72 at 2 n.2], and the Court agrees with the Parties' interpretation of the MSA, *see* [Doc. 70-1 at 9 § 7.5; *id.* at 38 § 12.5].[9]  Accordingly, to the extent Plaintiff seeks a Court order that "CEC is liable to Lumen under the MSA to the extent Lumen was damaged by the acts or omissions of PJF," [Doc. 70 at

---

[9] The parties do not identify an outcome-determinative conflict of law with respect to this issue, so the Court need not engage in a choice-of-law analysis here.  "Any conflict of laws analysis begins, perforce, with a determination whether a conflict actually exists," as a choice-of-law analysis is only necessary if there is an outcome-determinative conflict of law. *Richardson v. Allstate Fire & Cas. Ins. Co.*, 637 F. Supp. 3d 1186, 1190 (D. Colo. 2022).

8], Plaintiff's Motion for Summary Judgment is **GRANTED**.  The Court will treat this as a stipulated fact that the jury must accept at trial.

The Court emphasizes the narrow impact of its ruling.  To the extent Plaintiff injects any confusion into the case by using the word "indemnify" or "indemnification" throughout its briefing, the Court's ruling that Defendant is liable for the actions of its subcontractors <u>need not be, and is not</u>, based on the indemnification provision cited by Plaintiff, given that Defendant's liability is made clear in other portions of the MSA.  *See* [Doc. 70-1 at 9 § 7.5; *id.* at 38 § 12.5].  Moreover, to the extent Plaintiff's Motion asks for any Court order ruling that Defendant is liable for *unproven* damages or liable for PJF's *unproven* negligence, *see, e.g.*, [Doc. 70 at 7 (Plaintiff arguing that the MSA "requires CEC to indemnify Lumen for the <u>*alleged acts*</u>, omissions, and negligence by its subcontractor PJF")], the Motion is **DENIED**.  The burden to prove PJF's negligence and to prove Plaintiff's damages remains with Plaintiff at trial.  And relatedly, because Plaintiff's Motion makes no express argument about attorney's fees—and, indeed, Plaintiff disclaims that argument in its reply brief—any argument about attorney's fees is premature.  The Parties are expressly advised that this Order does not reach the issue of attorney's fees, and no Party should rely on this Order to raise any arguments about attorney's fees at any later date.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)   Defendant's Motion for Summary Judgment [Doc. 71] is **DENIED**;

16

(2) Plaintiff Lumen Technologies Service Group, LLC's Motion for Partial Summary Judgment [Doc. 70] is **GRANTED in part** and **DENIED in part**; and

(3) On or before **December 6, 2024**, Defendant shall file a second motion for summary judgment as to its affirmative defense of the statute of limitations, only addressing the issues identified by the Court above.

DATED: November 12, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge