IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00253-NYW-KAS

LUMEN TECHNOLOGIES SERVICE GROUP, LLC f/k/a CENTURYTEL SERVICE GROUP, LLC,

    Plaintiff,

v.

CEC GROUP, LLC f/k/a COMMUNICATIONS ENGINEERING CONSULTANT, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Supplemental Brief in Support of Motion for Summary Judgment ("Defendant's Supplemental Motion for Summary Judgment"), [Doc. 77], and Plaintiff's Motion to Address Additional Issues Relating to Defendant's Motion for Summary Judgment ("Plaintiff's Motion to Submit Additional Evidence"), [Doc. 84]. For the reasons explained below, Plaintiff's Motion to Submit Additional Evidence is respectfully **GRANTED** and Defendant's Supplemental Motion for Summary Judgment is respectfully **DENIED without prejudice**.

## BACKGROUND

This case arises out of a Master Services Agreement (the "MSA" or the "Agreement") between Plaintiff Lumen Technologies Service Group, LLC ("Plaintiff" or "Lumen") and Defendant CEC Group, LLC ("Defendant" or "CEC"), through which Defendant was to provide telecommunications infrastructure engineering services to Plaintiff. [Doc. 70 at ¶ 1; Doc. 72 at 3 ¶ 1]; *see generally* [Doc. 70-1]. The Agreement

states, in pertinent part, that "this Agreement and the rights and obligations of the parties are governed by the laws of the State of Delaware without regard to any conflict of laws principles." [Doc. 71 at ¶ 14; Doc. 73 at ¶ 14; Doc. 70-1 at 17 § 14.8 (emphasis omitted)].

In 2018, Lumen asked CEC to perform a "quick structural analysis" of a building located in Florida to determine "how much [weight the building's two floors] can hold." [Doc. 70 at ¶ 6; Doc. 72 at 4–5 ¶ 6; Doc. 72-1 at 7]. Defendant retained a subcontractor to provide that analysis. [Doc. 70 at ¶ 7; Doc. 72 at 5 ¶ 7; Doc. 13 at 2 ¶ 19]. Lumen "committed to purchase" the Florida building, [Doc. 70 at ¶ 11; Doc. 72 at 5 ¶ 10], and it alleges that in February 2020, a portion of the building's second-floor slab "partially collapsed," [Doc. 8 at ¶ 26]. Lumen claims that CEC breached the MSA by providing Lumen a faulty structural engineering assessment. See [id. at ¶¶ 30–38]. Lumen also raises claims for breach of warranty and breach of express indemnity. [Id. at ¶¶ 39–47].

After the close of discovery, Defendant moved for summary judgment on Plaintiff's claims, arguing that (1) the MSA's Delaware choice-of-law provision should be disregarded; (2) Florida law governs this case; and (3) Plaintiff's claims are barred by Florida's two-year statute of limitations for professional malpractice claims. [Doc. 71 at 2 ("Defendant's First Motion for Summary Judgment")].[1] Defendant's arguments relied in part on the Restatement (Second) of Conflict of Laws (1971) (the "Restatement") and its provision that "[t]he law of the state chosen by the parties to govern their contractual rights and duties will be applied . . . unless . . . the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties'

---

[1] Plaintiff also moved for summary judgment, see [Doc. 70], which the Court granted in part and denied in part, [Doc. 76 at 15–17]. That ruling is not relevant to the Court's analysis herein.

2

choice." Restatement § 187(2); *see also* [Doc. 71 at 7]. Defendant argued that there was no reasonable basis for the Parties' choice of Delaware law, such that the choice-of-law provision should not be enforced and the governing law should be decided by applying the Restatement's "most significant relationship" test. [Doc. 71 at 7–8]; *see also* Restatement § 188(2) ("[i]n the absence of an effective choice of law by the parties," the law of the state with the most significant relationship to the parties and the transaction governs). CEC argued that Florida has the most significant relationship to the Parties' dispute, so Florida law governs this case. [Doc. 71 at 9].

Lumen opposed CEC's First Motion for Summary Judgment on a number of grounds. *See* [Doc. 73]. Relevant here, Plaintiff argued that before analyzing the choice-of-law provision under § 187(2) of the Restatement, the Court must first apply § 187(1), which provides that the contracting parties' choice of law will be applied "if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue." Restatement § 187(1); *see also* [Doc. 73 at 10]. Plaintiff did not respond to Defendant's argument that Florida has the most significant relationship to the dispute or make any argument using the most significant relationship test. *See* [Doc. 73]. And in its reply brief, CEC did not respond to Lumen's argument that § 187(1) must be addressed before turning to § 187(2). *See* [Doc. 74].

The Court denied Defendant's First Motion for Summary Judgment after concluding that it had insufficient information to decide which state's law governs this case. [Doc. 76 at 12–13]. As an initial matter, the Court observed that "[m]any of the assertions of fact in the Parties' briefs [were] unsupported by citations to record evidence, in violation of Rule 56(c) of the Federal Rules of Civil Procedure and NYW Civil Practice

3

Standard 7.1D(b)(2)." [Doc. 76 at 1 n.1]. As a result, the Court "limit[ed] its discussion . . . to the properly considered facts." [*Id.* at 2 n.1]. And in its analysis, the Court agreed with Lumen, absent any competing argument from CEC, that a determination under Restatement § 187(1) was necessary before proceeding to § 187(2). [*Id.* at 11 (citing *DCS Sanitation Mgmt., Inc. v. Castillo*, 435 F.3d 892, 896 (8th Cir. 2006))]. But because the Court was without sufficient briefing on that issue, it "[could not] move on to the Parties' successive arguments, such as, for example, whether there is a reasonable basis for the Parties' choice of Delaware law under § 187(2), or which state has the most significant relationship to the claims in this case." [*Id.* at 13]. The Court also observed that neither Party had addressed "the harmony and application of Colo. Rev. Stat. §§ 13-82-104(1)(a) or 13-80-110 to this case." [*Id.* at 10].[2]

Accordingly, the Court denied Defendant's First Motion for Summary Judgment, but ordered additional briefing on two questions:

> Do Colo. Rev. Stat. § 13-82-104(1)(a) and/or Colo. Rev. Stat. § 13-80-110 apply to this case? If they do, do the statutes conflict? If the statutes conflict, which one controls?
>
> Is the underlying issue—the application of the statute of limitations—an issue which the Parties could have included in the MSA, as contemplated by Restatement § 187(1)? Which state's laws govern this inquiry pursuant to Restatement § 187 cmt. c. and Restatement § 188?

[*Id.* at 13–14]. The Court informed the Parties that it would "limit its analysis [on the remaining substantive issues] to the arguments already raised in Defendant's [First]

---

[2] Colo. Rev. Stat. § 13-82-104(1)(a) ("Except as provided in section 13-82-106, if a claim is substantively based . . . [u]pon the law of one other state, the limitation period of that state applies."); Colo. Rev. Stat. § 13-80-110 ("If a cause of action arises in another state or territory or in a foreign country and, by the laws thereof, an action thereon cannot be maintained in that state, territory, or foreign country by reason of lapse of time, the cause of action shall not be maintained in this state.").

Motion for Summary Judgment and the related briefing." [*Id.* at 13]. However, the Court also stated that any Party could file a motion to address additional issues if they believed it necessary. [*Id.*].

Defendant filed its Supplemental Motion for Summary Judgment on December 6, 2024. [Doc. 77]. There, within its answers to the Court's questions, Defendant argues for the first time that Colorado has *not* adopted § 187(1) of the Restatement, and instead applies only § 187(2). [*Id.* at 8–12]. Plaintiff also addresses the Court's questions in its Response. [Doc. 82]. And on January 13, 2025, Plaintiff filed its Motion to Present Additional Evidence, arguing that in light of the Court's prior observation that many of the Parties' assertions of fact in the First Motion for Summary Judgment briefing were unsupported and could not properly be considered at summary judgment, the Court should grant Plaintiff leave to further support certain material facts to "ensure summary judgment is not granted on a technicality." [Doc. 84 at 2].

For the reasons set forth in this Order, the Court again respectfully concludes that it cannot rule on the determinative choice-of-law issue on the present briefs.

## ANALYSIS

### I.   Restatement § 1871(1)

Before turning to the merits of Plaintiff's Motion to Submit Additional Evidence and the Court's explanation of its inability to rule on the choice-of-law issue, the Court finds it necessary to first clarify its determination of Restatement § 187(1)'s applicability.

As a federal court sitting in diversity jurisdiction, the Court applies the conflict-of-law rules of the forum state. *Kipling v. State Farm Mut. Auto. Ins. Co.*, 774 F.3d 1306, 1310 (10th Cir. 2014). To determine which state's substantive law should govern the

5

interpretation of a contract, Colorado has "adopt[ed] the Restatement (Second) approach for contract actions." *Wood Bros. Homes v. Walker Adjustment Bureau*, 601 P.2d 1369, 1372 (Colo. 1979). As mentioned above, Restatement § 187 provides:

> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
>> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
>>
>> (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement § 187. Comment d to § 187(2) states that that subsection applies "when it is sought to have the chosen law determine issues which the parties could not have determined by explicit agreement directed to the particular issue." Restatement § 187 cmt. d. In this Court's original summary judgment order, based on comment d and persuasive authority from other jurisdictions, the Court concluded that "a determination under Restatement § 187(1) is necessary before progressing to § 187(2)." [Doc. 76 at 11]; *see also United States ex rel. Mountain Constr., Inc. v. CHP Sols., LLC*, 753 F. Supp. 3d 1240, 1247 (D.N.M. 2024) ("[I]f the underlying issue is one the parties could have explicitly contracted to, then the considerations of 2(a) and (b) are irrelevant.").

6

Defendant argues in its Supplemental Motion, however, that Colorado has *not* adopted Restatement § 187(1) and has only adopted Restatement § 187(2). *See* [Doc. 77 at 8–9]. It states that "no published Colorado state court decision has ever applied . . . Section 187(1) when determining the enforceability of a contractual choice-of-law provision." [*Id.* at 9]. Instead, CEC insists, Colorado courts "have uniformly stated the applicable rule as requiring analysis under Section 187(2)." [*Id.* (collecting cases)]. Lumen does not respond to this argument. It posits that "even if CEC is correct, then the inquiry simply proceeds to § 187(2)—which requires the application of Delaware law anyway. Thus, Lumen sees no need to respond to this argument." [Doc. 82 at 14 n.3].

Upon further consideration, the Court respectfully agrees with Defendant that Colorado courts have, in effect, adopted only § 187(2) of the Restatement. *See Owner-Operator Indep. Drivers Ass'n, Inc. v. USIS Com. Servs.*, Inc., 537 F.3d 1184, 1191 n.8 (10th Cir. 2008) (noting that "a district court is free to revisit its interlocutory orders prior to the entry of a final judgment"). This determination is based on a careful consideration of Colorado case law applying Restatement § 187.

To be sure, the Colorado Supreme Court in *Wood Brothers* announced broadly that it was "adopt[ing] the Restatement (Second) approach for contract actions." *Wood Bros.*, 601 P.2d at 1372. However, this Court could locate *no* Colorado state case where a court applied § 187(1) or considered whether the particular issue was one the contracting parties could have resolved by contractual provision. Instead, Colorado courts routinely frame the applicable analysis as starting with § 187(2):

> [W]hen the parties to a contract have chosen the law to govern their contract, RST section 187 states:

7

> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice . . . .
>
> Thus, Colorado courts "will apply the law chosen by the parties unless there is no reasonable basis for their choice or unless applying the chosen state's law would be contrary to the fundamental policy of the state whose law would otherwise govern."

*Mountain States Adjustment v. Cooke*, 412 P.3d 819, 823, 835 (Colo. App. 2016) (quoting Restatement § 187(2) and *Target Corp. v. Prestige Maint. USA, Ltd.*, 351 P.3d 493, 497 (Colo. App. 2013)); *id.* at 825 ("[S]ection 187 provides that the law of the state chosen by the parties to govern their contractual rights and duties will be applied unless the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice." (quotation omitted)).

> Consistent with the Restatement (Second) of Conflict of Laws § 187 . . ., we will apply the law chosen by the parties unless there is no reasonable basis for their choice or unless applying the chosen state's law would be contrary to the fundamental policy of the state whose law would otherwise govern.

*Target Corp.*, 351 P.3d at 497.

> Restatement (Second) of Conflict of Laws § 187 (1971) provides that the forum state should apply the law chosen by the parties unless there is no reasonable basis for their choice or unless applying the law of the state so chosen would be contrary to the fundamental policy of a state whose law would otherwise govern.

*Hansen v. GAB Bus. Servs., Inc.*, 876 P.2d 112, 113 (Colo. App. 1994); *see also McWhinney Centerra Lifestyle Ctr. LLC v. Poag & McEwen Lifestyle Centers-Centerra LLC*, 486 P.3d 439, 446 (Colo. App. 2021) ("We will apply the law chosen by the parties in their contract unless there is no reasonable basis for their choice or unless applying

8

the chosen state's law would be contrary to the fundamental policy of the state whose law would otherwise govern." (cleaned up)).³

This Court "must ascertain and apply [Colorado] law with the objective that the result obtained in the federal court should be the result that would be reached in an [Colorado] court."  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 930 (10th Cir. 2018).  Although *Wood Brothers* broadly announced that the Colorado Supreme Court was "adopt[ing] the Restatement (Second) approach for contract actions," 601 P.2d at 1372, Colorado courts' subsequent application of Restatement § 187 demonstrates that Colorado has adopted, and Colorado courts apply, only § 187(2), *see Mountain States Adjustment*, 412 P.3d at 823; *McWhinney*, 486 P.3d at 446.  The Court is thus persuaded that Colorado has adopted only subsection (2) of section 187.  *See Lifestyle Imp. Centers, LLC v. E. Bay Health, LLC*, No. 2:13-cv-00735, 2013 WL 5564144, at *5 (S.D. Ohio Oct. 7, 2013) (explaining that although courts had "made generalized statements that Ohio follows Restatement § 187," the "correct and more precise statement of law [was] that Ohio has adopted only § 187(2)" because the Ohio Supreme Court applied § 187(2) and "did not adopt, approve, or even refer to subsection (1)").  This is consistent with the general rule that "[c]hoice of law provisions are ordinarily given effect as they are considered a clear manifestation of the parties' intentions."  *Mountain States Adjustment*, 412 P.3d at 822.

---

³ Federal courts applying Colorado routinely do the same.  *See, e.g.*, *Richardson v. Allstate Fire & Cas. Ins. Co.*, 637 F. Supp. 3d 1186, 1191 (D. Colo. 2022); *Zynex Med., Inc. v. Frabotta*, No. 21-cv-01076-RMR-KLM, 2022 WL 1211876, at *3 (D. Colo. Mar. 4, 2022); *Bar Method Franchisor LLC v. Henderhiser LLC*, 580 F. Supp. 3d 979, 990 (D. Colo. 2022).

Accordingly, the Court advises the Parties that § 187(1) does not factor in to the Court's choice-of-law analysis. Instead, to decide whether the Agreement's choice-of-law provision is effective, the Court must determine whether Delaware has a substantial relationship to the Parties and the transaction and whether there is a reasonable basis for the Parties' choice of Delaware law. Restatement § 187(2). If the answer to both questions is no, then the Court must apply the Restatement's most significant relationship test to determine which state's law governs. Restatement § 188(2).

## II.  Plaintiff's Briefing is Insufficient to Meet its Summary Judgment Burden

CEC argues that, under § 187(2), the Court should disregard the Agreement's choice-of-law provision because there is no reasonable basis for it. [Doc. 71 at 8].[4] It does not expressly address the "substantial relationship" requirement in its analysis, *see* [*id.* at 6–8], but it elsewhere argues that Delaware has "no relationship to the parties, the Florida property, or any other aspect of this dispute," [*id.* at 2]; *see also* [*id.* at ¶ 15 ("Delaware has no relationship to the parties or the Project.")].

Lumen responds that it "has a substantial relationship to Delaware because it conducts large amounts of business in the state and because it owns subsidiaries that are incorporated in Delaware." [Doc. 73 at 13]. It also contends that Delaware is substantially connected to the construction project underlying this case because the Florida property "is owned directly by Level 2, one of Lumen's wholly-owned subsidiaries incorporated in Delaware." [*Id.* at 13–14]. Although it attempts to support these assertions with citations to its Response to Movant's Statement of Material Facts, *see* [*id.*

---

[4] Consistent with the Court's prior Order, [Doc. 76 at 13], the Court considers the arguments raised in the First Motion for Summary Judgment and related briefing.

10

(citing [*id.* at ¶¶ 15, 26])], those assertions of fact are completely unsupported by any citations to evidence, *see* [*id.* at ¶¶ 15, 26]. Nor does Plaintiff cite any authority showing that these purported connections, if true, are sufficient to create a "substantial relationship" between the chosen state and the Parties. *See* [*id.* at 13–14].

A substantial relationship exists—for example—when one of the parties has its principle place of business in the chosen state, is incorporated in the state, or regularly conducts business in the state. Restatement § 187 cmt. F; *see, e.g.*, *Mountain States Adjustment*, 412 P.3d at 826; *Kipling v. State Farm Mut. Auto. Ins. Co.*, 159 F. Supp. 3d 1254, 1270 (D. Colo. 2016); *Am. Exp. Fin. Advisors, Inc. v. Topel*, 38 F. Supp. 2d 1233, 1238 (D. Colo. 1999); *Elec. Distribs., Inc. v. SFR, Inc.*, 166 F.3d 1074, 1084 (10th Cir. 1999); *Zynex Med., Inc. v. Frabotta*, No. 21-cv-01076-RMR-KLM, 2022 WL 1211876, at *3 (D. Colo. Mar. 4, 2022). Though connections to the state need not be overwhelming, but there must be *some* connection between the chosen state and the parties and/or the contract. *See, e.g.*, *First Data Corp. v. Konya*, No. 04-cv-00856-JLK-CBS, 2007 WL 2116378, at *14 (D. Colo. July 20, 2007) (finding substantial relationship with Colorado where one of the individuals who negotiated the contract was based in Colorado).

As for whether there is a "reasonable basis" supporting the Parties' choice of law, Lumen argues that "it chose Delaware law not only because of its business presence there, but because Lumen is familiar with Delaware's advanced and well-respected body of corporate and contract law. It relied on the predictability offered by this choice in executing the contract." [Doc. 73 at 15]. Again, however, this assertion is not supported by any evidence. *See* [*id.*].

11

It is well-settled that "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). Because there is no evidence supporting Plaintiff's assertions that a substantial relationship exists between Delaware and the Parties or the transaction or that a reasonable basis exists for the Parties' choice of Delaware law, Plaintiff has not met its burden at summary judgment and the Court presently has no basis to conclude that § 187(2) requires application of Delaware law. *See Gomez v. Great-W. Life & Annuity Ins. Co.*, 638 F. Supp. 3d 1156, 1160 (S.D. Cal. 2022) ("The initial burden for demonstrating either a substantial relationship or a reasonable basis falls on the party seeking to enforce the choice-of-law provision.") (applying California law); *Wright v. Martek Power, Inc.*, 314 F. Supp. 2d 1065, 1068 (D. Colo. 2004) (finding no substantial relationship between chosen state and the parties, and no reasonable basis for parties' choice, where the "current record [did] not show a relationship, substantial or otherwise" between the chosen state and the parties).

### III. Defendant's Briefing is Insufficient to Meet its Summary Judgment Burden

If there is no effective choice-of-law provision, then the law of the state with the most significant relationship to the transaction and the parties governs. Restatement § 188(2). To determine the state with the most significant relationship, the Court considers (a) the place of contracting; (b) the place of negotiating; (c) the place of the contract's performance, (d) the location of the contract's subject matter; and (e) the contracting parties' place of incorporation and/or place of business. *Id.*

CEC asserts that Florida has the most significant relationship to the dispute because

> the alleged engineering malpractice occurred in Florida; the subject matter of the parties' contract was a property located in Florida; the November 30, 2018 letter from [the subcontractor] underlying this lawsuit was stamped by a Florida engineer; and the damages Plaintiff seeks to recover from CEC are the alleged costs of installing structural reinforcements at the Florida Property.

[Doc. 71 at 9]. As for the letter submitted by a non-Party Florida engineer, *see* [Doc. 73-2], Defendant cites no authority showing that this letter is relevant to the Court's analysis, *see* [Doc. 71], and such a contact is not one of the considerations expressly listed in the Restatement, *see* Restatement § 188(2); *see also Lebahn v. Owens*, 813 F.3d 1300, 1307–08 (10th Cir. 2016) (the Court has no duty to perform research for a party). And while the other listed factors may be relevant to the Court's analysis, such as the location of the subject matter of the contract, *see* Restatement § 188(2)(d), CEC ignores many of the other relevant factors, such as the place of contracting, the place of negotiating, and the Parties' states of incorporation and principal places of business, Restatement § 188(2)(a)–(b), (e).

It is undisputed that CEC is an Ohio limited liability company with a principal place of business in Ohio, and that Lumen is a Louisiana corporation with a principal place of business in Louisiana. [Doc. 71 at ¶¶ 4, 6; Doc. 73 at ¶¶ 4, 6]. CEC does not address these factors at all, let alone argue how much weight they should be given or why they are outweighed by the Florida connections. *See* Restatement § 188(2) cmt. e (explaining that differing amounts of weight can be applied to the various factors, depending on the facts of the case). Further, Defendant provides no information about where the MSA was negotiated or executed (or alternatively argue that these factors are irrelevant). *See* [Doc. 71]. Nor does CEC address the factors set forth in Restatement § 6. *See Wood Bros.*, 601 P.2d at 1372 ("In analyzing which state has the most significant relationship, the

13

principles set forth in Restatement . . . sections 6 and 188 are to be taken into account."); Restatement § 6(2) (listing relevant policy factors).

At bottom, Defendant's cursory argument does not meaningfully explain why Florida's relationship with the Parties and the transaction is more significant than any other state's. Respectfully, the Court is unsure how it could analyze which of many states with a connection to this case has the *most significant* relationship to this case when it has been presented with an incomplete, one-sided view of the relevant factors. At this juncture, Defendant has not met its burden to establish that Florida has the most substantial relationship to the present dispute, a prerequisite to demonstrating that it is entitled to summary judgment on its statute-of-limitations affirmative defense.

## IV. Plaintiff's Motion to Submit Additional Evidence

The Court's above analysis leads the Court to Plaintiff's Motion to Submit Additional Evidence. Plaintiff requests leave of Court "to provide additional record citations to support material facts that are in dispute, and to address the Court's comment that these facts might otherwise be disregarded on summary judgment." [Doc. 84 at 1]. Specifically, Plaintiff requests another opportunity to provide evidence to support the following facts it deems material: "(1) Lumen has extensive connections to the state of Delaware, and (2) the faulty structural analysis at the center of the dispute was provided in connection with planned construction improvements to the property." [*Id.* at 2]. Lumen asserts that it "seeks to submit a declaration, in accordance with Rule 56(c)(4), attesting to Lumen's connections to the state of Delaware." [*Id.* at 6–7]. It argues that it should be permitted to supplement its prior filings so that "summary judgment is not granted on a technicality." [*Id.* at 2]. CEC opposes Lumen's Motion, arguing that "Plaintiff has failed

14

to demonstrate excusable neglect for its failure to timely present evidence." [Doc. 86 at 2].

If a party "fails to properly address another party's assertion of fact . . ., the court may . . . give an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e)(1). "In many circumstances," permitting a second opportunity to properly support a fact "will be the court's preferred first step." Fed. R. Civ. P. 56(1)(1), advisory committee's note to 2010 amendments. Of course, Rule 56 also provides that if a party fails to properly address another party's assertion, the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). District courts have discretion to address unsupported assertions using the "four options that Rule 56(e) affords to district courts." *Stella v. Anderson*, 844 F. App'x 53, 58 (10th Cir. 2021); *see also* Fed. R. Civ. P. 56(e)(3)–(4) (also permitting a court, in the face of an unsupported assertion, to grant summary judgment or to "issue any other appropriate order").

As previously indicated, this Court is not typically inclined to give a party a second opportunity to raise new arguments, or cite to new evidence, when those arguments and evidence could have been presented in the first instance. [Doc. 76 at 13]. But as this Court also previously explained, "the applicability of a statute of limitations in this particular context is a legal question that the Court must answer before convening this case for trial." [*Id.*]. The Court cannot rule on the choice-of-law issue on the current briefs, and given the deficiencies in *both* Parties' presentations, the Court finds it most appropriate to grant Plaintiff's Motion to Submit Additional Evidence, deny Defendant's

15

Supplemental Motion for Summary Judgment without prejudice, and require the Parties to file <u>entirely new summary judgment briefing</u>.[5]

"The power of district courts to manage their dockets is deeply ingrained in our jurisprudence."  *United States v. Schneider*, 594 F.3d 1219, 1226 (10th Cir. 2010).  To the extent CEC argues that granting Plaintiff's Motion "would further inconvenience the Court and potentially prejudice CEC" by necessitating another round of briefing, [Doc. 86 at 8–9], the Court finds no prejudice to CEC because CEC's current briefs are also insufficient to meet is summary judgment burden, as explained above.  The Court acknowledges the Parties' time and effort dedicated to the summary judgment briefing thus far.  However, the Court and the Parties remain at an impasse with respect to the choice-of-law issue, and the Court ascertains no path forward absent additional briefing.

In this order, the Court makes no definitive ruling under Restatement §§ 187(2) or 188.  Additional briefing is required from both Parties for the Court to decide (1) whether the Parties' Delaware choice-of-law provision is enforceable under § 187(2); (2) if not, which state has the most significant relationship to this dispute; and (3) whether an applicable statute of limitations bars Plaintiff's claims.  To avoid the confusion likely to result from the Parties and the Court trying to cross-reference three separate rounds of summary judgment briefing, Defendant shall file a renewed motion for summary judgment that sets forth <u>all</u> of its arguments and evidence in its favor.  Plaintiff's response shall set forth <u>all</u> of its arguments and evidence in its favor.  <u>The Parties shall not attempt to incorporate by reference any arguments raised in prior briefing</u>, and the Court will rule on

---

[5] To be clear, the Court does not permit Plaintiff to file a second motion for summary judgment.

16

the choice-of-law and statute-of-limitations issues based solely on the forthcoming briefing. In addition, for purposes of clarity, any evidence citing in any forthcoming briefing shall be submitted alongside the forthcoming briefing, subject to the limitations imposed by Local Rule 56.1. *See* D.C.COLO.LCivR 56.1(c) ("Unless otherwise ordered, copies of documents attached as exhibits to a motion shall not be attached as exhibits to a response, and copies of documents attached as exhibits to a response shall not be attached as exhibits to a reply.").[6]

It is therefore **ORDERED** that Defendant shall file a renewed motion for summary judgment, consistent with the above instructions, on or before **July 14, 2025**. Plaintiff's response is due **August 4, 2025**, and Defendant's reply is due **August 18, 2025**.

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendant's Supplemental Brief in Support of Motion for Summary Judgment [Doc. 77] is **DENIED without prejudice**;

(2) Plaintiff's Motion to Address Additional Issues Relating to Defendant's Motion for Summary Judgment [Doc. 84] is **GRANTED**; and

---

[6] Stated differently, even if an exhibit cited in the forthcoming motion was previously attached to Defendant's First Motion for Summary Judgment, Defendant should attach that exhibit to its forthcoming motion instead of simply citing to the original filing. If Plaintiff intends to cite to that same exhibit, it shall cite to the exhibit attached to Defendant's forthcoming motion and should not attach the same exhibit to its response.

(3)   Defendant shall file a renewed motion for summary judgment on or before **July 14, 2025**. Plaintiff's response is due **August 4, 2025**. Defendant's reply is due **August 18, 2025**.

DATED: May 15, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge